## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

MICHAEL J. POLELLE

     *Plaintiff*

    8:22-cv-1301-SDM-AAS
    **CASE NO** _____

    V.

            **COMPLAINT**

CORD BYRD, solely in his official capacity

as Florida Secretary of State

    and

RON TURNER, solely in his official capacity

as Supervisor of Elections for Sarasota

County

    *Defendants*

_____



## DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

## CHALLENGE TO THE CONSTITUTIONALITY OF § 101.021 FLA. STAT. (2021) AND ART.VI § 5(B) OF THE FLORIDA CONSTITUTION

### NATURE OF THE CASE

1.   The Plaintiff, Michael J. Polelle, files this Complaint under 42 U.S.C. § 1983 against Defendants, Cord Byrd, Florida Secretary of State, and Ron Turner, Supervisor of Elections for Sarasota County, Florida solely in their official capacities and requests declaratory and injunctive relief.

### JURISDICTION AND VENUE

2.   This court has jurisdiction under §§ 1331 and 1343(3) of the Federal Rules of Civil Procedure.

3. Venue is proper under 42 U.S.C. § 1391(b) (1) (2).

### THE PARTIES

4. Michael J. Polelle, an emeritus professor of law, is a citizen of Florida and a resident of the City of Sarasota in the County of Sarasota.

5. Cord Byrd, as Secretary of State for Florida, oversees primary and general elections in Florida. Pursuant to §§ 97.012 Fla.Stat. (1)- (2), (11), (16) (2021). This

Defendant is the "chief election officer of the state" whose duties include

ensuring "uniformity in the interpretation and implementation of the election

laws" ; the development of "uniform standards for the proper and equitable

implementation of the registration laws" for Florida's statewide voter

registration system created and administered by this Defendant as required by

the Help America Vote Act of 2002; and the use of "written directions and

opinions to the supervisors of elections on the performance of their official

duties" with the authority to sue Florida's Supervisors of Elections to enforce

their duties as provided by law.

6. Ron Turner, is the Supervisor of Elections for Sarasota County, Florida, whose

duties require he "ensure that any voter registration system used by the

Supervisor for administering his or her duties" complies with "the specifications

and procedures established by the rules of the department [Florida Dept. of

State]"under §§ 97.021 and 98.01 Fla.Stat. (2021). This Defendant also hires

election boards of poll workers who decide "all questions that may arise before

the members of an election board" and is "responsible for the attendance and

diligent performance" of the duties imposed on these poll workers under §

102(1) (a) Fla.Stat. (2021).

3

## FACTUAL ALLEGATIONS7

7. Over 3 million Florida voters are registered with "No Party Affiliation" and specifically in Sarasota County, where the Plaintiff resides, over 95 thousand voters are registered with "No Party Affiliation."

8. Section 101.102 Fla.Stat. (2021) provides:

"In a primary election a qualified elector is entitled to vote the official primary election ballot of the political party designated in the elector's registration, and no other. It is unlawful for any elector to vote in a primary for any candidate running for nomination from a party other than that in which such elector is registered."

9. Ever since Plaintiff's Florida registration of "No Party Affiliation" on August, 26, 2011, when he had to declare his party affiliation or lack of affiliation in order to vote in Florida's elections, Defendants have prohibited him from voting in any party primary by enforcement of § 101.102 Fla.Stat. (2021). They have done this despite his desire to do so because of what is commonly termed in Florida a "closed primary" system excluding those who are not party members.

10. Unless this Court intervenes, Defendants will continue to enforce § 101.102 Fla.Stat. (2021) so as to prohibit Plaintiff from voting in the next Florida party primaries scheduled for August 23, 2022 and the next Presidential Preference Primary scheduled for March 10, 2024.

4

11. In violation of 42 U.S.C. § 1983, Defendants have jointly or severally subjected and will subject Plaintiff to the deprivation of his rights, privileges, and immunities secured by the Constitution of the United States by enforcing § 101.102 Fla. Stat. (2021) and causing him injury by the suppression of his primary vote in selecting political candidates who are obligated to represent all citizens of the United States and Florida regardless of their party affiliation or non-party affiliation.

## FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983

**(Violation of the First Amendment Freedom from Compelled Speech or Compelled Association)**

12. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 12 as though fully set forth herein.

13. Plaintiff is obligated by law, and against his choice, to financially support and subsidize the" closed primary" system established by § 101.102 Fla. Stat (2021), set out in in Paragraphs 8 and 9 above, by paying annually an ad valorem property tax to the General Fund of the Sarasota County Commission and drawn upon by Defendant, Ron Turner, the Supervisor of Elections in Sarasota County, where Plaintiff is registered and pays his county taxes. This Defendant uses the revenue from this tax to finance the costs of operating primary elections in Sarasota County, including those in which Plaintiff is legally forbidden to

participate because of his political beliefs and principled decision not to associate with or become a member of any political party.

14. In the latest available year of 2020, the Defendant, Ron Turner, Supervisor of Elections in Sarasota County, spent a total of $752, 307.56 to hold the Presidential Preference Primary of March 17, 2020 and $1,000,043.33 for the remaining primaries on August 18, 2020. These expenditures were taken from the General Fund set up the Sarasota County Commission for "general government services," including primary elections, with ad valorem property tax revenues collected from all Sarasota County taxpayers, including those registered as "Not Politically Affiliated."

15. "Not Politically Affiliated" registered voters in Sarasota County, including the Plaintiff, number approximately one-fourth of the total number of county registered voters. Yet these voters, including Plaintiff, were all prohibited from voting in party primaries which their tax dollars support because of their political beliefs and right not to associate with political parties.

16. By enforcing § 101.102 Fla.Stat. (2021)  Defendants, Cord Byrd and Ron Turner, have jointly and severally prevented Plaintiff from voting in state-supported primaries because of his political beliefs and right not to associate with political parties.  Defendants have therefore violated his First Amendment

rights as discussed herein by compelling him to subsidize and support with his taxes the private speech of political parties with which he refuses to support or associate.

## SECOND CLAIM FOR RELIEF UNDER SEC. 42 U.S.C. § 1983

**(Violation of the Fundamental Right to Vote Provided by the Free Speech Clause of the First Amendment of the United States Constitution)**

17. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 12 as though fully set forth herein.

18. The First Amendment represents the voice of citizens in the most effective way possible when it protects the fundamental right to express a political opinion by voting. The freedom to vote is a First-Amendment activity at the very heart of our democratic system of government.

19. The right to vote in a primary election and the right to vote in a general election have substantially and effectively become part of an integral and unified electoral system in Florida, as indicated in (A)-(E) of this Paragraph below, with the result that the right of Plaintiff to vote in a primary is as fully protected by the First Amendment as is his right to vote in a general election:

(A) Article VI § 5 (b) Fla. Const. , popularly known as the Universal Primary Contest, provides: "If all candidates for an office have the same party affiliation and the winner will have no opposition in the general election, all

7

qualified electors, regardless of party affiliation, may vote in the primary elections for that office."

(B) Article VI § 7 Fla. Const. provides in pertinent part: "It is the policy of this state to provide for state-wide elections in which all qualified candidates may compete effectively."

(C) Section 100.011(3) Fla.Stat.(2021) provides: "The expenses of holding all elections for county and state officers necessarily incurred shall be paid out of the treasury of the county or state, as the case may be, in the same manner and by the same officers as in general elections."

(D) Section 100.191 Fla.Stat. (2021) provides in pertinent part: "All laws that are applicable to general elections are applicable to special elections or special primary elections to fill a vacancy in office or nomination."

(E) Section 105.031 Fla. Stat. (2021) permits all registered voters, including those "Not Politically Affiliated" to vote in primary elections for county and circuit judges as well as in any general election for such judges.

20. As a result of the evolution of Florida primary elections into a unified and integrated electoral system the deprivation of the right to vote in a primary election because of party affiliation or the lack of party affiliation is governed by the same First Amendment rights that apply to general elections in Florida.

20. By enforcing the closed-primary system of Florida, as mandated in § 101.102 Fla. Stat. (2021), set out in Paragraphs 8 and 9 above, the Defendants, in an unconstitutional Hobson's choice, have forced the Plaintiff, registered as "Not Politically Affiliated" as a matter of principle, to either forfeit his fundamental right to vote in elections with the same effectiveness as party voters or else forfeit his other fundamental right not to associate or identify himself with political parties.

### THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. SEC 1983
### (Violation of the Fourteenth Amendment Equal Protection Clause)

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

22. Plaintiff belongs to a class of qualified voters registered as "Not Politically Affiliated,", who despite being similarly situated to another class of qualified voters registered to a political party, are invidiously discriminated against because of Florida's closed-primary system established by §101.021, Fla. Stat. (2021), set out above in Paragraph 8P. This closed-primary system cannot be justified under the strict, exacting, or heightened scrutiny required where the fundamental rights of voting and political non-affiliation under the First Amendment are at stake.

23. As a member of this class of voters registered as "Not Politically Affiliated," Plaintiff is also being unlawfully discriminated against because of the arbitrary and capricious nature of the Universal Primary Contest provision found in Art. VI § 5(b) of the Florida Constitution, set out in Paragraph 19 (A) above. Because of judicial interpretation and devious manipulation by political parties in the use of "write- in" candidates, Art. VI, § 5(b) of the Florida Constitution prevents Plaintiff, and other "Not Politically Affiliated" voters,  from having the same opportunity to affect  the outcome of a general election to the same extent as members of political parties. This system of Universal Primary Contests cannot be justified under the strict, exacting, or heightened scrutiny required where the fundamental rights of voting and political non-affiliation are at stake.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Michael J. Polelle, respectfully requests the following relief:

A. A declaration that § 101.102 Fla.Stat. (2021) and Art. VI § 5(b) of the Florida Constitution violate the First and Fourteenth Amendments of the United States Constitution  both facially and as applied to Plaintiff insofar as they prevent Plaintiff from voting in Florida election primaries solely because of his political choice to be registered as "Not Politically Affiliated."

B. A permanent injunction prohibiting Defendants, their agents, employees, successors, and all persons acting in concert or participation with them from enforcing § 101.102 Fla.Stat.(2021) and Art. VI § 5(b)of the Florida Constitution or any other statute, law, regulation, or custom which prohibits Plaintiff from voting in future Florida election primaries solely because of his choice to remain "Not Politically Affiliated."

C. Any other relief this Court deems just and proper.

DATED: June 6, 2022        Respectfully Submitted,

By: _Michael J. Polelle_

Michael J. Polelle, Pro Se.

1102 Ben Franklin Drive Unit 511

Sarasota, Florida 34236

(941) 388-1840

mpolel2@uic.edu



**Office**

1901 S Tamiami Trail Ste A
Sarasota, FL 34239-3624
941.955.1157

June 3, 2022 10:49 AM
Receipt #: SRQK00402607

0330                    44   @   $0.2400 T
BW 1S on 24# Wht

0078                     4   @   $0.0300 T
Machine Stapling

Retail Subtotal      $10.68

Tax      $0.75
**TOTAL**      **$11.43**

Cash      $20.00
Total Tender      $20.00
Change Due      ($8.57)

Tell us how we're doing:
fedex.com/welisten

By submitting your project to FedEx
Office or by making a purchase in the
FedEx Office store, you agree to all
the FedEx Office terms and conditions,
including limitations of liability,
located at fedex.com/
officeserviceterms or you may request
a copy of our terms and conditions,
which will be made available to you
upon request.



▯SRQK0042022060302607▯