UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. POLELLE,

    Plaintiff,

v.                                                           CASE NO. 8:22-cv-1301-SDM-AAS

CORD BYRD and RON TUNER,

    Defendants.
_____/

## **ORDER**

Appearing *pro se*, Michael J. Polelle sues (Doc. 1) Cord Byrd, the Florida Secretary of State, and Ron Turner, the Supervisor of Elections for Sarasota County. When registering to vote in Florida, Polelle reported "No Party Affiliation." (Doc. 1 at 4) Under Section 101.021, Florida Statutes, "a qualified elector is entitled to vote the official primary election ballot of the political party designated in the elector's registration, and no other." Thus, an elector registered without party affiliation may not vote in any partisan primary election. Polelle argues (Doc. 1 at 5–10) that by preventing his voting in a "state-supported" primary election in accord with this statute, the defendants violate Polelle's rights under the First and Fourteenth Amendments to the United States Constitution. Byrd and Turner each move (Docs. 12, 13) to dismiss and argue that Polelle lacks standing and fails to state a claim.

As a preliminary matter, Polelle lacks standing to maintain this action. Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), Polelle must suffer "an

invasion of a legally protected interest" to have standing.  Polelle's "associational 'interest' in selecting the candidate of a group to which [he] does not belong[] falls far short of a constitutional right, if indeed it can even fairly be characterized as an interest." *California Democratic Party v. Jones*, 530 U.S. 567, 573 n.5 (2000).  The statute's frustration of Polelle's "desire" to vote in a partisan primary is insufficient for standing.  *See Lacasa v. Townsley*, 883 F. Supp. 2d 1231, 1238 (S.D. Fla. 2012) (Zloch, J.) (denying standing for, and dismissing the complaint of, two registered electors — one registered without party affiliation and one registered as a member of the Republican party — who "desire[d]" to vote in a Democrat primary election without first registering as a member of the Democrat party). [1]

Further, *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), and *Jones* confirm that the associational right "to both expand and limit the persons" entitled to vote in a party's primary is conferred on the political party — not on a voter.  *Osburn v. Cox*, 369 F.3d 1283, 1287–88 (11th Cir. 2004) (concluding that the Supreme Court has decided "no case[] in which individual plaintiffs alone" asserted a right to vote in a party's primary and that "the case law weighs against an individual's right to assert such a claim").  Because no political party joins this action or otherwise objects to Section 101.021, this action warrants dismissal for lack of standing.

---

[1] Polelle's argument for standing as a taxpayer is equally unavailing. Polelle acknowledges that "taxpayers generally lack standing in federal court to challenge federal or state expenditures," but Polelle "urges taxpayer standing based on a First Amendment exception to the general rule." (Doc. 14 at 3) This exception is inapplicable because Polelle fails to demonstrate that the government's payment of money to support the primary election violates the First Amendment. *See Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 593 (2007).

Even if Polelle had standing, he fails to state a claim. *Jones*, 530 U.S. at 581, rejects the "adulterat[ion of a political party's] candidate-selection process . . . by opening [the process] to persons wholly unaffiliated with the [political] party." *Jones*, 530 U.S. at 584, instructs a frustrated elector with no political affiliation — such as Polelle — to "simply join the [political] party." And until twenty-nine days before a primary election Polelle may change his registration to a different political party and may vote in the primary election for his new political party. "That may put him to a hard choice, but it is not a state-imposed restriction upon his freedom of association, whereas compelling party members to accept his selection of their nominee is a state-imposed restriction upon theirs." *Jones*, 530 U.S. at 584.

Under *Jones*, Polelle retains the same choice as every other Florida elector. He may affiliate with a political party and vote in that party's primary or he may register without party affiliation. But Polelle may not burden another's First Amendment freedom of association by voting in a party primary without affiliating with that party. For these reasons and others stated in the motions, the motions (Docs. 12, 13) to dismiss are **GRANTED**, and this action is **DISMISSED**.

ORDERED in Tampa, Florida, on November 3, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE